UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- --X

MICHAEL MAYNARD,

                  **Plaintiff,**

        **-against-**

THE CITY OF NEW YORK, DAN AST, JOSEPH
FIGLIOZZI, KEITH CORBETT, AND POLICE
OFFICERS JOHN DOES 1-10 (said names being
fictitious and presently unknown and
intended to be the police officers
involved in the stop, detention, assault,
search, and arrest of plaintiff on or
about July 19, 2010, and his subsequent
prosecution),

                  **Defendants.**

\- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- --X

**JUDGE GRIESA**

COMPLAINT

Plaintiff Demands
Trial By Jury

11 CIV 7160



Plaintiff MICHAEL MAYNARD, complaining of defendants, alleges as follows, upon information and belief:

### JURISDICTION

1.   This action is brought pursuant to 42 USC §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

2.   This Court has subject matter jurisdiction of the action under 28 USC §§ 1331, 1343(a), (3), and (4).

3.   This Court may also exercise supplemental jurisdiction over the plaintiffs' state law claims that arise from the same facts and circumstances under 28 USC § 1367.

4.   That prior to the institution of this action and within ninety (90) days from the date when the New York State common law cause(s) of action accrued herein, a notice of claim was duly served upon and filed with the CITY on behalf of plaintiff; that this action was not commenced until the expiration

of thirty (30) days after such notice of claim was presented and the CITY has neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the cause(s) of action accrued herein.

5.    That all of the New York State cause(s) of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

**THE PARTIES**

6.    That plaintiff is a citizen of the State of New York.

7.    That at all times herein mentioned, defendant CITY of New York (hereinafter "CITY") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

8.    That at all times herein mentioned, defendant CITY operated, controlled and maintained a police force known as the New York Police Department ("hereinafter "NYPD").

9.    That at all times herein mentioned, defendant DAN AST ("AST") was and is an NYPD officer employed by defendant CITY.

10.    That at all times herein mentioned, defendant AST was acting within the course and scope of his employment with defendant CITY.

11.    That at all times herein mentioned, defendant AST was acting under color of state law.

12.    That at all times herein mentioned, defendant AST was acting principally and/or in concert with all co-defendants herein.

13. Defendant AST is sued herein in his individual capacity.

14. That at all times herein mentioned, defendant JOSEPH FIGLIOZZI ("FIGLIOZZI") was and is an NYPD officer/sergeant employed by defendant CITY.

15. That at all times herein mentioned, defendant FIGLIOZZI was acting within the course and scope of his employment with defendant CITY.

16. That at all times herein mentioned, defendant FIGLIOZZI was acting under color of state law.

17. That at all times herein mentioned, defendant FIGLIOZZI was acting principally and/or in concert with all co-defendants herein.

18. That defendant FIGLIOZZI is sued herein in his individual capacity.

19. That at all times herein mentioned, defendant KEITH CORBETT ("CORBETT") was and is an NYPD officer employed by defendant CITY.

20. That at all times herein mentioned, defendant CORBETT was acting within the course and scope of his employment with defendant CITY.

21. That at all times herein mentioned, defendant CORBETT was acting under color of state law.

22. That at all times herein mentioned, defendant CORBETT was acting principally and/or in concert with all co-defendants herein.

23. That defendant CORBETT is sued herein in his individual capacity.

24. That at all times herein mentioned, defendants JOHN DOES 1-10 were and are NYPD officers employed by defendant CITY.

25. That at all times herein mentioned, defendants JOHN DOES 1-10 were acting within the course and scope of their employment with defendant CITY.

26. That at all times herein mentioned, defendants JOHN DOES 1-10 were acting under color of state law.

27. That at all times herein mentioned, defendants JOHN DOES 1-10 were acting principally and/or in concert with all co-defendants herein.

28. That defendants JOHN DOES 1-10 are sued herein in their individual capacities.

### JURY TRIAL DEMANDED

29. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

### VENUE

30. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

### STATEMENT OF FACTS

31. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

32. That between 11:00 p.m. on July 18, 2010 and approximately 1:30 a.m. on July 19, 2010, plaintiff was lawfully located and properly present on a public sidewalk located in the vicinity of the corner of Osgood Avenue and Gordon Street, in Richmond County, in the State of New York.

33. At the above-said time and location, plaintiff observed several police officers, including defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, present while a individual was being placed into an ambulance.

34. As plaintiff observed what was going on, one of defendants, who upon information and belief was either defendant AST, FIGLIOZZI, CORBETT, or one of JOHN DOES 1-10, asked plaintiff several times in a hostile and threatening manner, "What did you say to me?"

35. When plaintiff realized that said defendant police officer was addressing him, plaintiff answered that he had not said anything. Said police officer then responded by insisting that plaintiff has said something to him, and threatened that he was going to "come over there" and "fuck [plaintiff] up."

36. Upon information and belief, said defendant police officer, despite having no probable cause or reasonable cause to believe that plaintiff had engaged in any conduct, was engaging in any conduct, or was about to engage in any conduct that constituted an offense, and motivated purely by malice and ill-will toward plaintiff and a desire to exact retribution on plaintiff, instructed other defendant police officers to detain and arrest plaintiff without a warrant.

37. Plaintiff, who was still on a public sidewalk, then started to walk away. As plaintiff did so, police officers, including defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, stopped plaintiff and told him that he was not free to leave.

38. Said defendant officers then informed plaintiff that he was under arrest for disorderly conduct and arrested him,

without a warrant, placed a handcuff on one of plaintiff's wrists, and brought plaintiff into the street to where a vehicle was parked.

39. Defendants then forcibly bent plaintiff over the hood of said vehicle and put the second handcuff on plaintiff's other wrist, so that plaintiff was handcuffed with both hands behind his back.

40. After plaintiff was bent over the car fully rear-handcuffed, defendants grabbed plaintiff's hair and repeatedly and forcefully bashed plaintiff's head onto the hood of said car.

41. As plaintiff's face was being thrust into the hood of said car repeatedly, defendants sprayed a large volume of pepper spray and/or mace-like liquid onto plaintiff's head and face.

42. At one point while this was going on, defendants removed plaintiff's glasses from his face and directed the pepper spray into plaintiff's eyes and mouth.

43. Defendants thereafter repeatedly punched plaintiff and struck him with hard implements, such as police batons, in the back of plaintiff's head, body, and ribs.

44. While plaintiff was being beaten, defendants forcibly twisted plaintiff's head toward the spray of pepper spray and/or mace-like liquid to ensure that said liquid was sprayed in plaintiff's eyes, nose, and/or mouth, and that plaintiff ingested said liquid.

45. Defendants above-described conduct was vicious, violent, and performed with no justifiable reason, and calculated to cause plaintiff to suffer maximum pain and injury.

46. Defendants then lifted plaintiff off the car and brought him across the street to a police vehicle. While one or more defendants seized plaintiff and forcibly held him, the others reached their hands underneath plaintiff's shorts, clothing, and undergarments and, without plaintiff's consent and without a warrant, conducted an illegal strip search of his person, during the course of which they placed their hands on and around plaintiff's genitals and buttocks.

47. Defendants conducted these illegal searches of plaintiff without any particularized suspicion or probable cause that plaintiff was secreting contraband or evidence in or under his clothing and/or articles, and they did so in a public location and in full view of passersby, causing plaintiff to suffer great indignity, humiliation, and embarrassment.

48. As a result of said search, defendants took from plaintiff, among other things, plaintiff's cellular telephone, his keys, his wallet, his ID, his shoes, and his jewelry, including a white gold bracelet valued at approximately $900. Said search yielded no contraband, weapons, or drugs however.

49. After searching plaintiff and taking his belongings, defendants shoved plaintiff into a police vehicle and made him sit there for a long while.

50. As plaintiff was waiting in said patrol vehicle, he asked the two police officers seated in the front of the police vehicle, who, upon information and belief, are included in the above-named defendants, to take him to the hospital because he was in extreme pain. Said police officers refused to do so.

51. Eventually, plaintiff was brought to the police

precinct.    Although plaintiff repeatedly asked to be brought to the hospital, he was instead placed on a chair near the entrance of the precinct.

52.    Soon after, plaintiff lost consciousness from the extreme pain caused by the police assault, which included severe difficulty breathing.    When plaintiff regained consciousness, he was locked in a cell inside the precinct, and a police officer was pouring a water-like liquid onto plaintiff's face from a bottle.

53.    Despite plaintiff's repeated pleas to be taken to a hospital so he could receive medical attention for his injuries, defendants steadfastly refused to provide him with any medical attention.    Instead, plaintiff was kept locked up in a precinct cell until approximately the next afternoon, at which time he was taken to the courthouse.

54.    At the courthouse, plaintiff again asked for medical attention, but again his pleas were completely ignored. Instead, a police officer told him that the judge was going to release him on his own recognizance, and that plaintiff could go to the hospital on his own once he was released.

55.    Plaintiff was thereafter arraigned on a Richmond County criminal complaint, under Docket Number 2010RI006857, that had been signed by defendant AST on or about July 19, 2010, and which charged plaintiff with one count each of Resisting Arrest (PL § 205.30) and Disorderly Conduct (PL § 240.20[2]).

56.    In the criminal complaint, defendant AST swore under penalty of perjury that prior to plaintiff being arrested, defendant AST observed plaintiff "to have an excessively loud level of music to be coming from the inside of [plaintiff's]

vehicle." This allegation formed the basis of the Disorderly Conduct count, and was, like the other allegations in the complaint, entirely fabricated and completely untrue.

57. In fact, plaintiff did not even own or possess a vehicle on the date of his arrest.

58. Plaintiff pleaded not guilty to both counts, and was thereafter released on his own recognizance.

59. Plaintiff thereafter was required to appear in court to defend against the charges that had been lodged against him.

60. Ultimately, all of the charges that had been brought against plaintiff were dismissed with prejudice.

61. The conduct of defendants in summarily detaining, and arresting individuals such as plaintiff despite lacking any reasonable cause to believe that those individuals had committed any offenses or crimes, and in manufacturing false allegations and evidence against arrestees in order to support false charges lodged against them, is consistent with an institutionalized practice of the NYPD, which was known to and ratified by the defendant CITY.

62. The conduct of defendants in summarily searching individuals such as plaintiff despite lacking any reasonable suspicion or probable cause to believe that those individuals were secreting evidence and/or contraband inside their clothing, articles, and/or belongings, or any particularized suspicion that they were secreting evidence and/or contraband beneath their clothing, is consistent with an institutionalized practice of the NYPD, which was known to and ratified by the defendant CITY.

63.     The conduct of defendants in assaulting individuals they dislike and upon whom they wish to exact retribution and reprisal and "teach a lesson," despite lacking any reasonable cause to believe that those individuals had committed any offenses or crimes, and despite having no legally justifiable reason for engaging in such violent and vicious conduct, is consistent with an institutionalized practice of the NYPD, which was known to and ratified by the defendant CITY.

64.     Despite knowledge of these institutionalized practices, the defendant CITY has at no time taken any effective action to prevent NYPD personnel from continuing to engage in these types of misconduct.

65.     That plaintiff at no time engaged in any prohibited or illegal conduct to warrant or justify being searched, detained, beaten, assaulted, and/or arrested.

66.     That as a result of the aforesaid actions of defendant CITY, its agents, servants and/or employees, including but not limited to defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, plaintiff experienced great indignities, including severe humiliation, physical and emotional distress, pain and suffering, loss of liberty, and was otherwise damaged, and incurred expenses in connection with the defense on the charges that were lodged against him.

67.     Defendant CITY had prior notice of the vicious propensities of defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

68.     The failure of defendant CITY to properly train and

supervise defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10 included, among other things, the failure to instruct them in applicable provisions of the Penal Law of the State of New York, the proper and prudent use of force, in probable cause, in search and seizure law, and in state and federal constitutional limitations on police action.

69.  That at all times herein mentioned, defendant CITY was under an obligation to use reasonable care in the hiring, training, retention, and supervision of its employees, including, but not limited to defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS AST, FIGLIOZZI, CORBETT, AND JOHN DOES 1-10
(42 U.S.C. § 1983 based on False Arrest/Imprisonment)

70.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

71.  That by virtue of the aforementioned unlawful arrest and imprisonment, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States, including his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable or unlawful searches and seizures.

72.  That defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10 are sued in their individual capacities.

73.  That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### AST, FIGLIOZZI, CORBETT, AND JOHN DOES 1-10
(42 U.S.C. § 1983 based on Excessive Force)

74.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

75.  Defendants' aforesaid violent, unnecessary, unwarranted, intrusive, and unlawful conduct, deprived plaintiff of his rights, privileges and immunities secured by the Constitution of the United States of America, inter alia, plaintiff's Fourth and Fourteenth Amendment rights.

76.  That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

77.  Defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10 are sued in their individual capacities.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### AST, FIGLIOZZI, CORBETT, AND JOHN DOES 1-10
(42 U.S.C. § 1983 based on Illegal Search)

78.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

79.  Defendants' aforesaid violent, unnecessary, unwarranted, intrusive, and unlawful conduct, deprived plaintiff of his rights, privileges and immunities secured by the Constitution of the United States of America, inter alia, plaintiff's Fourth and Fourteenth Amendment rights.

80.  That as a result of the foregoing, plaintiff was

severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

81. Defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10 are sued in their individual capacities.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS AST, FIGLIOZZI, CORBETT, AND JOHN DOES 1-10
(42 U.S.C. § 1983 based on Malicious Prosecution)

82. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

83. That by virtue of the aforementioned acts by defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, plaintiff was deprived of his civil rights guaranteed under the Constitution of the United States, including his right under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable or unlawful searches and seizures, and defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10 are therefore liable to plaintiff for damages under 42 USC § 1983.

84. Defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10 are sued in their individual capacities.

85. That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
### AST, FIGLIOZZI, CORBETT, AND JOHN DOES 1-10
(42 U.S.C. § 1983 arising out of Malicious Abuse of Process)

86. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

87. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. Such collateral objective included, but was not limited to, covering up defendants' illegal actions in knowingly arresting plaintiff without any legal basis, justification, or probable cause.

88. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and that by virtue of the aforementioned acts, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States, including his rights under the Fourteenth Amendment to the U.S. Constitution, and as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

89.   That defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10 are sued in their individual capacities.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
### AST, FIGLIOZZI, CORBETT, AND JOHN DOES 1-10
(42 U.S.C. § 1983 based on Failure to Intervene)

90.   Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

91.   Defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10 failed to intervene to prevent, end or report the unlawful and unconstitutional conduct to which plaintiff was subjected despite the fact that they had opportunities to do so.

92.   The individual defendants, and each of them, thereby displayed deliberate indifference to plaintiff's rights, including but not limited to plaintiff's right to be free from unreasonable and unlawful searches and seizures and to procedural and substantive due process.

93.   That by virtue of the aforementioned acts by defendants, plaintiff was deprived of his civil rights guaranteed under the Constitution of the United States, including his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10 therefore are liable to plaintiff for damages under 42 USC § 1983.

94.   That defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10 are sued in their individual capacities.

### SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS
### AST, FIGLIOZZI, CORBETT, AND JOHN DOES 1-10
(42 U.S.C. § 1983 based on Violation of Plaintiff's First Amendment Rights)

95.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

96.    Defendants arrested and detained plaintiff because he engaged in speech and/or associational activity protected by the First Amendment.    As a direct result of defendants' willful, malicious, and/or recklessly indifferent actions, undertaken because of plaintiff's speech, association, and/or peaceable assembly, plaintiff was arrested and prosecuted and/or subjected to extended and unreasonable detentions and/or unlawful and invasive searches and/or excessive force by local law enforcement, carried out without probable cause or even reasonable suspicion to believe that plaintiff had committed or was about to commit an offense. This unlawful seizure is the type of injury that would chill a person of ordinary firmness from continuing to engage in such protected conduct.

97.    That by virtue of the aforementioned acts by defendants, plaintiff was deprived of his civil rights guaranteed under the Constitution of the United States, including his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution, and defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10 therefore are liable to plaintiff for damages under 42 USC § 1983.

98. Defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10 are sued in their individual capacities.

### EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS AST, FIGLIOZZI, CORBETT, AND JOHN DOES 1-10
(Conspiracy under 42 U.S.C. § 1983)

99.   Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

100. That defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10 agreed, cooperated, participated, and conspired to assist in and effectuate the vicious and violent assault and excessive force visited upon plaintiff and to assist in and effectuate plaintiff's unlawful search, detention, arrest, imprisonment, and prosecution, and in so doing deprived plaintiff of his rights, privileges and immunities secured by the Constitution of the United States, including his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable or unlawful searches and seizures, and as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

101. That defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10 are sued in their individual capacities.

102. That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

## NINTH CAUSE OF ACTION AGAINST DEFENDANT CITY
### (42 U.S.C. § 1983 – "Monell" Claim)

103. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein, and specifically incorporates herein all allegations set forth above in paragraphs 61 through 69.

104. The conduct of defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10 in summarily arresting plaintiff and searching plaintiff without a warrant, and in conducting warrantless and illegal strip searches and visual body cavity searches of plaintiff without the requisite levels of particularized suspicion supporting such searches, and in manufacturing false accounts and evidence to be used against plaintiff in support of false criminal charges lodged against him, was consistent with an institutionalized practice(s) of the NYPD, which were known to and ratified by the defendant CITY.

105. Despite knowledge of these institutionalized practices, the defendant CITY has at no time taken any effective action to prevent NYPD personnel from continuing to engage in this type of misconduct.

106. Defendant CITY authorized, tolerated as institutionalized practices and ratified the misconduct detailed above by failing to take adequate precautions in the supervision and/or training of police personnel, including specifically defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10.

107. That defendant CITY's policies/customs and defendant CITY's failure to supervise and/or train defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10 rose to the level of deliberate indifference to the consequences of its actions, and

indifference to plaintiff's rights, privileges and immunities secured by the Constitution of the United States of America, <u>inter alia</u>, plaintiff's Fourth and Fourteenth Amendment rights.

108. That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, and suffered economic loss and other damages.

### TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(False Arrest/Imprisonment)

109. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

110. That plaintiff's arrest, detention and imprisonment was caused by the CITY, its agents, servants and/or employees, including but not limited to defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, without a warrant and without any reasonable cause or belief that plaintiff was in fact guilty of any offense.

111. That defendant CITY, its agents, servants and/or employees, as set forth above, intended to confine plaintiff; that plaintiff was conscious of the confinement; that plaintiff did not consent to the confinement; and that the confinement was not otherwise privileged.

112. That by virtue of the aforementioned acts, defendants are liable to plaintiff for false arrest and false imprisonment.

113. That defendant CITY is liable for the damages

suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

114. That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

### ELEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Malicious Prosecution)

115. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

116. That by virtue of the aforementioned acts, defendants, who were acting in concert and within the scope of their employment, are liable to plaintiff for malicious prosecution.

117. That defendant CITY is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees, including but not limited to defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, under the doctrine of respondeat superior.

118. That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

### TWELFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Assault and Battery)

119. Plaintiff repeats and realleges each and every

allegation set forth above as though fully set forth at length herein.

120. That by virtue of the aforementioned acts, defendants, who were acting in concert and within the scope of their employment, were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York, and are liable to plaintiff for assault and battery.

121. That defendant CITY is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees, including but not limited to defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, under the doctrine of respondeat superior.

122. That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

### THIRTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Negligence/Gross Negligence)

123. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

124. That the aforesaid unlawful arrest, imprisonment, and prosecution of plaintiff and the resulting injuries to him were due to the negligence of defendant CITY and its agents, servants and/or employees, including but not limited to defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, in failing adequately to evaluate the situation confronting them, in the manner in which

they performed their duties as officers of the NYPD, in failing to exercise reasonable care in connection with their performance of their duties, and in otherwise being negligent.

125. That defendant CITY is also liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees, including but not limited to defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, under the doctrine of <u>respondeat superior</u>.

126. That the aforementioned incident and injuries were caused solely and wholly by reason of the recklessness, carelessness, and negligence/gross negligence of the defendants herein and without any negligence on the part of the plaintiff contributing thereto.

127. That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

## FOURTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Intentional Infliction of Emotional Distress)

128. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

129. The acts by defendant CITY and its agents, servants and/or employees, including but not limited to defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, were extreme, outrageous, shocking and exceeded all reasonable bounds of decency.

130. Said extreme and outrageous conduct was intended to

cause and did cause severe emotional distress to plaintiff.

131. That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

132. That defendant CITY is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees, including but not limited to defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, under the doctrine of respondeat superior.

**FIFTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Negligent Infliction of Emotional Distress)

133. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

134. That the acts by defendant CITY and its agents, servants and/or employees, including but not limited to defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, were extreme, outrageous, shocking and exceeded all reasonable bounds of decency, so as to be regarded as atrocious and utterly intolerable in a civilized community.

135. That said extreme and outrageous conduct breached a duty owed to plaintiff to, among other things, protect and safeguard plaintiff's welfare and safety, and caused plaintiff to fear for his own physical safety and caused plaintiff to be severely and seriously injured, both bodily and mentally, to suffer a loss of enjoyment of life, loss of liberty, and to suffer economic loss and other damages.

136. That the acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

137. That defendant CITY is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees, including but not limited to defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, under the doctrine of respondeat superior.

### SIXTEENTH CAUSE OF ACTION AGAINST DEFENDANT CITY
(Negligent Training, Supervision, and Retention)

138. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein, and specifically incorporates herein all allegations set forth above in paragraphs 61 through 69.

139. That the aforesaid actions by defendant CITY's agents, servants, and/or employees, including but not limited to defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, were the result of the negligence of defendant CITY in failing to use reasonable care in the hiring, supervision, training, retention, and/or disciplining of said defendant police officers, and in failing to use reasonable care in monitoring and auditing citizen complaints and other claims of police misconduct within the NYPD.

140. That due to said negligent hiring, supervision, training, retention and/or disciplining, and said negligent monitoring and auditing, by defendant CITY of its agents, servants, and/or employees, including but not limited to defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, plaintiff

24

was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, and suffered economic loss and other damages.

## SEVENTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Malicious Abuse of Process)

141. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

142. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. This included, but was not limited to, covering up defendants' illegal actions in knowingly arresting plaintiff without any legal basis, justification, or probable cause.

143. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York, and as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

144. That defendant CITY is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees, including but not limited to

defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, under the doctrine of <u>respondeat superior</u>.

### EIGHTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Prima Facie Tort)

145. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

146. By the conduct and actions described above, defendants maliciously and intentionally inflicted harm on plaintiff without lawful excuse or justification.

147. Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

148. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, loss of liberty, economic damages, costs and expenses, and was otherwise damaged and injured.

149. That defendant CITY is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees, including but not limited to defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, under the doctrine of <u>respondeat superior</u>.

### NINETEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Intervene under New York State Law)

150. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length

herein.

151. Defendants failed to intervene to prevent, end, or report the unlawful and unconstitutional conduct to which plaintiff was subjected despite the fact that they had opportunities to do so.

152. The individual defendants, and each of them, thereby displayed deliberate indifference to plaintiff's rights to procedural and substantive due process, to freedom of speech, association, and assembly, and his right to be free from unreasonable and unlawful search and seizure.

153. That by virtue of the aforementioned acts by defendants, plaintiff was deprived of his civil rights guaranteed by the statutes, common law, and laws and Constitution of the State of New York as well as the Constitution of the United States, including his rights under the First, Fourth, and Fourteenth Amendments.

154. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, loss of liberty, great humiliation, costs and expenses, and was otherwise damaged and injured.

155. That defendant CITY is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees, including but not limited to defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, under the doctrine of respondeat superior.

## TWENTIETH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(New York State Law Conspiracy)

156. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

157. By the actions described above, defendants jointly and severally, acting in their individual capacities and under color of law, conspired together and maliciously and willfully entered into a scheme to deprive plaintiff of his rights, liberty, and well-being and to commit the above-alleged unlawful acts.

158. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiff and violated his rights as guaranteed by the laws and Constitution of the State of New York.

159. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, loss of liberty, great humiliation, costs and expenses, and was otherwise damaged and injured.

160. That defendant CITY is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees, including but not limited to defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, under the doctrine of respondeat superior.

## TWENTY-FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Violation of Article I, §§ 6 and 12 of the New York State Constitution)

161. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length

herein.

162. That by virtue of the aforementioned acts, defendants are liable to plaintiff for violating his right to be free from deprivation of liberty without due process of law, and from unreasonable and unlawful searches and seizures, under Article I, §§ 6 and 12 of the New York State Constitution.

163. The acts and conduct of the agents and employees of defendant CITY, including defendants AST, FIGLIOZZI, CORBETT, and JOHN DOES 1-10, were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

164. That defendant CITY is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

165. That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, and suffered economic loss and other damages.

### TWENTY-SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Violation of Article I, §§ 8 and 9 of the New York State Constitution)

166. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

167.  Defendants assaulted, battered, searched, and arrested plaintiff because he engaged in speech, associational activity, and/or peaceable assembly protected by Article I, sections 8 and 9 of the New York State Constitution.  As a direct result of defendants' willful, malicious, and/or recklessly indifferent actions, undertaken because of plaintiff's speech, association and/or assembly, plaintiff was subjected to extended and unreasonable detentions by local law enforcement, carried out without probable cause or even reasonable suspicion to believe that plaintiff had committed or was about to commit an offense. This unlawful seizure is the type of injury that would chill a person of ordinary firmness from continuing to engage in such protected conduct.  Because the detention was extended and plaintiff was treated more harshly, in whole or in part, by defendants in retaliation for plaintiff's protected speech, association, and/or assembly, these defendants are liable for violating plaintiff's rights under Article I, sections 8 and 9 of the New York State Constitution.

168.  As a result of the foregoing, plaintiff was severely and seriously mentally injured, suffered a loss of liberty and a loss of enjoyment of life, suffered great indignity and humiliation, was held up to scorn and ridicule, was injured in his character and reputation, and suffered economic loss and other damages.

169.  That defendant CITY is liable for the damages

suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of <u>respondeat superior</u>.

*       *       *

WHEREFORE, plaintiff demands the following relief jointly and

severally against each defendant:

a.    Compensatory damages in an amount to be determined

by a jury;

b.    Punitive damages in an amount to be determined by a

jury;

c.    The convening of a jury to consider the merits of

the claims herein;

d.    Attorney's fees pursuant to 42 U.S.C. § 1988;

e.    An award of plaintiff's costs of suit;

f.    Pre-judgment and post-judgment interest;

g.    Such other further relief as this Court may deem

appropriate and equitable, including injunctive and

declaratory relief as may be required in the

interest of justice.


Dated:    New York, New York
          October 12, 2011

                        Yours, etc.,

           By:

                        Ameer Benno, Esq.
                        BENNO & ASSOCIATES P.C.
                        110 Wall Street, 11th Floor
                        New York, NY 10005
                        Tel.: (212) 227-9300
                        abenno@ameerbenno.com

                        Jeffrey Rothman, Esq.
                        315 Broadway, Suite 200
                        New York, NY 10007
                        Tel.: (212) 227-2980
                        rothman.jeffrey@gmail.com

                        Attorneys for Plaintiff

32